# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

STEVEN E. WILLIAMS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

CASE No. 10cv5627-RBL-JRC

REPORT AND RECOMMENDATION

Noted for August 12, 2011

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (See ECF Nos. 15, 20, 23.)

After considering and reviewing the record, the undersigned finds that the Administrative Law Judge ("the ALJ") committed harmful legal error when he failed to give reasons germane to the particular lay testimony for the decision not to credit fully the testimony provided by two third parties regarding plaintiff's functional limitations. The ALJ also erred in his evaluation of the medical evidence and plaintiff's credibility and testimony. Therefore, the Court should order that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, STEVEN E. WILLIAMS, was fifty-three years old on his amended date of disability onset, April 25, 2007 (Tr. 138, 139). Although plaintiff has some work experience in various restaurant-related jobs, he has approximately twenty years of experience as a warehouse worker (Tr. 151, 157). Plaintiff has a high school education (Tr. 24). The health issues that allegedly were limiting plaintiff's ability to work include major depression, anxiety disorder, bad teeth and fungus on his toenails (Tr. 156).

## PROCEDURAL HISTORY

Plaintiff filed concurrent applications for Title II and Title XVI benefits in May, 2008 (Tr. 74, 139-142, 143-144). Plaintiff's applications were denied initially (Tr. 67, 68, 91-94) and following reconsideration (Tr. 69, 70, 96-98). Plaintiff's requested hearing was held on October 9, 2009 before Administrative Law Judge Gary J. Suttles ("the ALJ") (Tr. 20-66). On October 28, 2009, the ALJ issued a written decision finding that plaintiff was not disabled as defined by the Social Security Act from July 31, 2003 through the date of the decision (Tr. 71-90). Plaintiff appealed to the Appeals Council. On July 27, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-3). See 20 C.F.R. § 404.981.

On September 1, 2010, plaintiff attached a complaint to his Motion for Leave to Proceed *in forma pauperis* (ECF No. 1). He filed the underlying complaint on September 7, 2010, seeking judicial review of the ALJ's written decision (ECF No. 3). In his opening brief, plaintiff contends that the ALJ failed to evaluate properly the lay witness statements and the medical opinion evidence, including the opinions provided by Physician Assistant Mr. Steven Fischer and those provided by Dr. Keith Krueger, Ph.D. and Dr. Kimberly Wheeler, Ph.D., among other

opinions (ECF No. 22, pp. 17-22). In addition, plaintiff contends that the ALJ failed to evaluate properly plaintiff's residual functional capacity (id. at 22-23). Also, plaintiff contends that because the ALJ did not evaluate properly plaintiff's residual functional capacity, the hypothetical to the vocational expert necessarily was erroneous (id. at 23-24) and that plaintiff was entitled to benefits as of his amended onset date (id. at 24).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747,

750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

However, "regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for h[is] decision and [the courts] confine our review to the reasons supplied by the ALJ." Steele v. Barnhart, 290 F.3d 936, 941(7th Cir. 2002) (*citing* SEC v. Chenery Corp., 318 U.S. 80, 93-95 (1943) (other citations omitted)); see also Griemsmann v. Astrue, 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 124952 at *9, (W.D. Wash. 2009) (*citing* Blakes v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003)), *adopted and remanded by* 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 98985 (2009). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

## DISCUSSION

1. The ALJ failed to evaluate properly the lay witness statements.

Plaintiff contends that the ALJ failed to evaluate properly the lay witness statements. Ms. Linda Chappell ("Ms. Chappell"), the owner of The Tides Restaurant, where plaintiff was employed since approximately June, 2008, declared under penalty of perjury that she noticed that plaintiff had problems with swelling in his hands (Tr. 412). She further declared that she would

discover plaintiff lying down outside in order to be able to continue his shift (id.). Ms. Chappell indicated that sometimes plaintiff had to take one or two days off so that he could recuperate (id.). Ms. Chappell also stated, among other things, that she accommodated plaintiff's "desire to not work with certain employees" (id.). Ms. Chappell opined that she could tell that plaintiff's mental state was starting to affect him and that plaintiff eventually "had to cut his hours to only working on the weekends because he could not mentally handle anything more than this" (id.).

Mr. Dave Stephens ("Mr. Stephens"), one of plaintiff's adjoining neighbors, also provided a declaration under penalty of perjury (Tr. 414). Mr. Stephens declared that he saw plaintiff four to five times a week and that plaintiff appeared severely depressed when Mr. Stephens purchased the adjoining property (id.). Mr. Stephens provided support for this opinion, noting plaintiff's tendency to stay in the house all day long and plaintiff's interactions with others besides himself only when plaintiff's brother periodically stopped by and when plaintiff took a monthly trip to the grocer (id.). Mr. Stephens opined that plaintiff was "very resentful and paranoid" (id.).

Mr. Stephens also noted plaintiff's physical difficulties and provided specific examples (id.). He noted how plaintiff had a difficult time walking the 300 feet to his house and on one occasion fell down during the trip and "just laid there for a few minutes" (id.). Like Ms. Chappell, Mr. Stephens noticed that plaintiff's hands swelled up after his days working at the restaurant and that he began using a cane (id.).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," see 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources," see 20 C.F.R. § 404.1513 (d)(4). See also Turner v. Comm'r of

Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d), (d)(3)). An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." Turner, supra, 613 F.3d at 1224 (*citing* Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

Recently, the Ninth Circuit characterized lay witness testimony as "competent evidence," again concluding that in order for such evidence to be disregarded, "the ALJ must provide 'reasons that are germane to each witness.'" Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting* Van Nguyen, supra, 100 F.3d at 1467). In this recent Ninth Circuit case, the court noted that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." Bruce, 557 F.3d at 1116 (*citing* Smolen, 80 F.3d at 1289).

Here, the ALJ noted that assertions by two different third parties providing lay testimony suggested that plaintiff "had physical and mental impairments, which affected his ability to work." (Tr. 87). The ALJ did not credit fully the opinions offered in the lay testimony because of the finding that "these statements are inconsistent with the medical record as a whole." (id.). The Court is not able to assess this conclusion as the ALJ did not provide any support or explanation for his finding. The ALJ did not provide an explanation of which particular opinions in the lay testimony were inconsistent with which particular aspect of the medical evidence. Although defendant advises the Court as to which "inference" the Court should credit regarding this

finding by the ALJ, the Court cannot "affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout, 454 F.3d at 1054 (*quoting* Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (*citing* SEC v. Chenery Corp. 332 U.S. 194, 196 (1947))). Although particular opinions provided by third parties that are inconsistent with particular medical test results or medical opinions may be rejected, here, the ALJ did not make any particular findings as to a single specific inconsistency. See Bayliss, 427 F.3d at 1218.

In addition, the Ninth Circuit on multiple occasions has concluded that in order for lay evidence to be disregarded, "the ALJ must provide 'reasons that are germane to each witness.'" See, e.g., Bruce, 557 F.3d at 1115; Van Nguyen, 100 F.3d at 1467. The Court concludes that here, because the ALJ aggregated the testimony of two third-party individuals and concluded that the sum total of their relevant conclusions was inconsistent with the record as whole, without providing any explanation, he did not provide reasons germane to each witness in particular, and therefore committed legal error. See id.

Where "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056 (reviewing cases). As a review of the lay testimony reveals potential functional limitations on plaintiff's ability to work, and as the ALJ indicated that the lay testimony suggested that plaintiff had physical and mental impairments that affected his ability to work, the Court cannot find the ALJ's error to be harmless here (Tr. 87). See Stout, 454 F.3d at 1056. For this reason, and based on a review of the relevant record, the Court should reverse and remand this matter to the administration for further consideration.

2. <u>The ALJ erred in his consideration of plaintiff's credibility and testimony</u>.

If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006). When evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" <u>Id.</u> at 972 (*quoting* <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996). "If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." <u>Morgan</u>, 169 F.3d at 600 (citation omitted). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. <u>Smolen</u>, 80 F.3d at 1283-84 (citations omitted).

The ALJ predicated, in part, the overall decision regarding plaintiff's disability on plaintiff's repeated failure "to attend scheduled therapy and treatment examinations" (Tr. 84-85). However, when a mental illness is involved, assuming that a failure to comply with prescribed treatment suggests a *willful* failure to comply with prescribed treatment can be illogical. This is in part because a person suffering from a mental illness may not realize that he needs his treatment or he may not realize that his "condition reflects a potentially serious mental illness." <u>See Van Nguyen v. Chater</u>, 100 F.3d 1462, 1465 (9th Cir. 1996)). "'[I]t is a questionable practice

to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" Id. (*quoting* with approval, Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).

When a person suffers from a mental illness, especially a severe one such as the severe depression and anxiety disorder suffered by plaintiff here, (see Tr. 76), and the mentally ill person does not have the requisite insight into his or her condition or does not have the memory and focus to attend scheduled mental health therapy sessions, this fact actually can indicate a greater severity of mental incapacity. See Van Nguyen, supra, 100 F.3d at 1465; see also Blankenship, supra, 874 F.2d at 1124. In addition, according to Social Security Ruling, ("SSR"), SSR 96-7, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 SSR LEXIS 4, at *22.

The ALJ here found that plaintiff suffered from the severe mental impairments of major depression and anxiety disorder, yet failed to consider whether or not these mental impairments provided an explanation for plaintiff's failure to seek continuous medical treatment for his mental health issues. This was not proper according to the relevant Social Security Rulings, as well as according to the direction by the Ninth Circuit. See id.; Van Nguyen, supra, 100 F.3d at 1465.

When assessing plaintiff's credibility, the ALJ also concluded that plaintiff's activities of daily living detracted "from the credibility of the complaints alleged" (Tr. 85). The ALJ noted that plaintiff was able to chop wood, use a chainsaw, build fires, shop independently, live alone;,

REPORT AND RECOMMENDATION - 9

drive a car, watch movies, read, and socialize with friends (Tr. 85). However, the ALJ did not explain how these reported daily activities were not reasonably consistent with the medical evidence and did not make any finding that these activities of daily living were transferable to a work setting.

"If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan, 169 F.3d at 600 (citation omitted). The ALJ made no such specific finding here. For the reasons discussed, and based on a review of the relevant record, the Court concludes that the ALJ here failed to evaluate properly plaintiff's credibility and testimony. See id.

3. The ALJ erred in his consideration of the medical opinion evidence.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." Edlund v. Massanari, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); see also 20 C.F.R. § 416.902 (non-treating physician is one without "ongoing treatment relationship"). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). However, the

ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. Lester, supra, 81 F.3d at 830 (*citing* Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing* Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831).

    a. The ALJ erred in his assessment of the opinions of Physician Assistant Stephen Fischer.

The ALJ discussed an opinion offered by Physician Assistant Stephen Fischer ("Mr. Fischer") (Tr. 85, 314-16). Although the typewritten name and title of Dr. Timothy Rogers, D.O. ("Dr. Rogers") appears on the final signature page, there is no evidence that Dr. Rogers examined plaintiff, evaluated plaintiff's records or even looked at the notes prepared by his Physician Assistant, Mr. Fischer. Nevertheless, the ALJ stated in his written decision that Mr.

Fischer's opinion was "endorsed by orthopedist, Timothy Rogers" (Tr. 85). The Court finds no evidence of any such endorsement. The ALJ also proceeded to discuss Mr. Fischer's opinions as if they also were the opinions of Dr. Rogers, including wording such as "both opined" and "both stated" (id.). This was erroneous.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as other medical sources, including physician assistants, 20 C.F.R. § 404.1513 (d)(1). Here, the ALJ treated the opinion by Physician Assistant Mr. Fischer as if it was an opinion by an "acceptable medical source." 20 C.F.R. § 404.1513 (a). However, Mr. Fischer's opinion should have been evaluated by the ALJ as an opinion by an "other source." 20 C.F.R. § 404.1513 (d)(1). Therefore, the ALJ committed legal error in his evaluation of Mr. Fischer's opinion. The ALJ afforded "significant weight" to the opinion of Mr. Fischer (id.). The ALJ failed to mention that Mr. Fischer's August 15, 2003 opinion was offered almost four years prior to plaintiff's amended date of disability onset of April 25, 2007 (Tr. 138). The ALJ also failed to acknowledge plaintiff's amended date of disability onset (Tr. 76, 89). Mr. Fischer examined Mr. Williams on one occasion and provided no treatment.

Based on a review of the relevant record, and for the reasons discussed above, the Court concludes that the ALJ's decision to afford the opinion by Physician Assistant Mr. Fischer "significant weight" was not supported by substantial evidence in the record as a whole. See Bayliss, 427 F.3d at 1214 n.1.

  b. <u>The ALJ erred in his assessment of the opinions by Dr. Keith Krueger, Ph.D. and Dr. Kimberly Wheeler, Ph.D</u>.

Dr. Keith Krueger ("Dr. Krueger") examined plaintiff on April 25, 2007 and performed a mental status examination (Tr. 308-13). Dr. Kimberly Wheeler ("Dr. Wheeler") examined plaintiff on April 24, 2008 and performed a mental status examination (Tr. 299-307). Dr. Wheeler also examined plaintiff on April 30, 2009 and performed another mental status examination (Tr. 374-382). Finally, Dr. Wheeler examined plaintiff on August 13, 2009 and again performed a mental status examination (Tr. 396-406). In addition to opining that there were numerous areas in which plaintiff suffered marked impairment (Tr. 300, 309, 397), both Dr. Krueger (Tr. 310) and Dr. Wheeler (Tr. 301) opined that plaintiff suffered marked functional impairment in his ability to interact appropriately in public contacts, as well as in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting.

First, the ALJ discredited the opinions by Dr. Krueger and Dr. Wheeler on the basis that they were examining doctors instead of treating doctors (Tr. 87). Although this factor may be important in a situation in which the opinions by the examining doctors are contradicted by the opinions by a treating physician, the ALJ makes no such assertion when discussing the opinions of Drs. Krueger and Wheeler. In fact, the ALJ discredited the opinions of these examining doctors by referencing unspecified opinions by unnamed non-examining and examining medical consultants (id.). This reference serves only to lend support to the conclusion that the opinions by Drs. Krueger and Wheeler were contradicted, it does not provide a basis in of itself to discredit these opinions by examining medical sources in favor of unspecified opinions by unnamed "other medical sources."

Further, the ALJ discredits the opinions offered by Drs. Krueger and Wheeler by finding that "the claimant admitted to participating in extensive activities of daily living which refutes the extreme limitations opined by both Krueger and Wheeler" (Tr. 87). The activities of daily

REPORT AND RECOMMENDATION - 13

living that the ALJ specifies in this context are that plaintiff "testified that he has friends and family that he socialized with and maintains his household" (id.). The ALJ does not specify how plaintiff's ability to maintain his household or socialize with friends and family refute any single opinion by Drs. Krueger or Wheeler.

Based on a review of the relevant record, the Court concludes that the ALJ failed to provide "specific and legitimate reasons that are supported by substantial evidence in the record" to give "minimal" weight to the opinions of Dr. Krueger and Dr. Wheeler. Lester, supra, 81 F.3d at 830-31.

4. The ALJ assigned to this case following remand must evaluate anew plaintiff's residual functional capacity.

Based on a review of the relevant record and based on the ALJ's errors already discussed, the Court finds that the ALJ's finding regarding plaintiff's residual functional capacity was not based on substantial evidence in the record as a whole. Therefore, the ALJ assigned to this matter following remand must evaluate anew plaintiff's residual functional capacity. Similarly, the ALJ assigned to this matter following remand must, if necessary based on the five-step sequential disability evaluation process, obtain new vocational expert testimony.

5. Plaintiff is not entitled to a remand for a direct award of benefits.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen, 80 F.3d at 1292).

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292. Although the ALJ failed to provide legally sufficient reasons for rejecting some of the medical and lay evidence in this matter, there also exists evidence of medical improvement (see, e.g., Tr. 323; see also Plaintiff's Opening Brief, ECF No. 15, p. 10). In spite of evidence in the record of medical improvement, new evidence submitted to the Appeals Council suggests a potential worsening of plaintiff's condition (Tr. 424-44).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

Therefore, remand is appropriate to allow the Administration the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate the properly considered lay and medical evidence into the consideration of plaintiff's credibility and residual functional capacity. See Sample, 694 F.2d at 642. Remanding the matter also will allow the administration the opportunity to consider fully the evidence that plaintiff submitted to the Appeals Council.

## CONCLUSION

The ALJ aggregated the testimony of two third-party individuals and concluded without providing any support or explanation that the sum total of their relevant conclusions was

REPORT AND RECOMMENDATION - 15

inconsistent with the record as whole. Therefore, he did not provide reasons germane to each witness in particular to reject their testimony and committed legal error. The ALJ indicated that the lay testimony suggested that plaintiff had mental and physical impairments that affected his ability to work, therefore the Court cannot conclude with confidence that no reasonable ALJ when fully crediting the testimony could have reached a different disability determination, making the legal error harmful.

The ALJ also erred in his assessment of plaintiff's credibility and the medical opinion evidence. Because of the specific errors by the ALJ in this case, the ALJ assigned to this case following remand should conduct a new hearing, review the entire record anew and issue a new decision.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the administration for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12, 2011, as noted in the caption.

Dated this 20th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16